UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60155-Civ-COHN
MAGISTRATE JUDGE P.A. WHITE

ANGEL DIAZ,                          :

     Petitioner,                    :

v.                                   :          REPORT OF
                                                MAGISTRATE JUDGE
KENNETH S. TUCKER,                   :

     Respondent.                    :
_____

<u>Introduction</u>

    Angel Diaz, who is presently confined at Dade Correctional Institution in Florida City, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number 97-004047CF10A, entered in the Seventeenth Judicial Circuit Court of Broward County.

    This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

    The Court has before it the petition for writ of habeas corpus [DE#1], Petitioner's memorandum of law in support thereof [DE#4], the Respondent's response to an order to show cause and appendix of exhibits [DE#13], Petitioner's reply [DE#14], and Petitioner's index to appendix [DE#15].

<u>Claims</u>

    In this proceeding, Petitioner raises a number of claims of ineffective assistance of counsel, as well as claims of due process violations, trial court error, and lack of trial court jurisdiction. Petitioner also claims that the instant petition is timely, because it was filed within one year of the date on which

1

his judgment of conviction became final [DE#1, p.38].  Respondent disputes this latter contention, and claims that the instant petition is time-barred.  Because the statute of limitations presents a threshold issue, that claim will be addressed first.[1]

Procedural History

The undisputed material facts are as follows:

Petitioner was convicted of sexual battery upon a child after a jury trial, and sentenced to life in prison.  Petitioner filed a direct appeal.  On October 31, 2001, Florida's Fourth District Court of Appeal affirmed Petitioner's conviction and sentence [DE#1, p.2; DE#13, p.9]; Diaz v. State, 797 So.2d 1286 (Fla. 4th DCA 2001).  The mandate issued on November 16, 2001 [DE#1, p.2; DE#9]; http://199.242.69.70/pls/ds/ds_docket (Case No. 4D00-3133).  Petitioner did not seek any further direct review [DE#1, p.2].

On June 14, 2002, Petitioner filed a motion for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850 [DE#1, pp.2, 37; DE#13, pp.9, 17].  This motion had a long and involved procedural history, the details of which are not pertinent here.  Suffice it to say that the parties agree that the matter was not finally concluded until January 30, 2009, when the Florida Supreme Court denied Petitioner's request for discretionary review of the Florida Fourth District Court of Appeal's decision affirming the state trial court's denial of the motion [DE#1, pp.37-38; DE#13, pp.15, 17]; see also Diaz v. State, 980 So.2d 1275 (Fla. 4th DCA

---

[1]Petitioner's claims of lack of trial court jurisdiction are not exempt from the AEDPA's limitations periods.  See, e.g., Davis v. Secretary, Dep't of Corrections, 2009 WL 4730548, *1 (M.D.Fla. 2009)("There is no exception under AEDPA's statute of limitation for a §2254 claim that the state court lacked subject matter jurisdiction to impose the sentence for the conviction because the indictment was defective."); Johnson v. Jones, 2006 WL 2092601, *2 (M.D.Ala. 2006)(in response to petitioner's argument that jurisdictional defect in indictment is not governed by AEDPA period, declaring that "[n]either 28 U.S.C. §2244(d) nor federal case law ... makes such an exception for jurisdictional issues"); see also Williams v. United States, 383 Fed.Appx. 927, 929-930 (11th Cir. 2010)(unpublished)(§2255 context); Barreto-Barreto v. United States, 551 F.3d 95, 100 (1st Cir. 2008)(same).

2

2008)(final decision affirming denial of 3.850 motion); [DE#13, Exh.6 (order denying discretionary review)].

On August 20, 2009, Petitioner filed another state motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 [DE#1, p.38; DE#13, p.15, 18]. This motion was also denied by the state trial court, and Petitioner took an appeal of that order as well [DE#1, p.17; DE#13, pp.15-16]. On November 10, 2010, Florida's Fourth District Court of Appeal affirmed the denial of Petitioner's August 20, 2009 3.850 motion [DE#1, p.17; DE#13, p.16]; Diaz v. State, 49 So.2d 1279 (Fla. 4th DCA 2010). On January 10, 2011, Petitioner's motions for rehearing and for rehearing *en banc* were denied [DE#1, p.17;DE#13, p.16]; Diaz v. State, 49 So.2d 1279 (Fla. 4th DCA 2010). The mandate issued on May 6, 2011 [DE#13, p.16]; http://199.242.69.70/pls/ds/ds_docket (Case No. 4D10-1490). Petitioner then sought to invoke the Florida Supreme Court's discretionary jurisdiction to review the decision of the Fourth District Court of Appeal [DE#13, 16]; http://199.242.69.70/pls/ds/ds_docket (Case No. 4D10-1490). By order dated May 11, 2011, the Florida Supreme Court determined that it lacked jurisdiction, and dismissed the petition for review [DE#13, p.16]; http://jweb.flcourts.org/pls/docket/ds_docket(Case No. SC11-900)

On September 16, 2010, while the appeal of the denial of Petitioner's August 20, 2009 3.850 motion was pending, Petitioner filed a letter with the Florida Supreme Court, which was treated as a Petition for a Writ of Prohibition [DE#1, pp.18, 35, 38; DE#13, p.16].

On January 26, 2012, while Petitioner's Petition for Writ of Prohibition was pending in the Florida Supreme Court, Petitioner filed the instant federal petition for writ of habeas corpus [DE#1, p.1; DE#13, p.16]; http://jweb.flcourts.org/pls/docket/ds_docket (Case No. SC10-1848).

3

<u>Discussion</u>

Because Petitioner filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. <u>See</u> <u>Wilcox v. Fla.Dep't of Corr.</u>, 158 F.3d 1209, 1210 (11th Cir. 1998)(per curiam). The AEDPA imposes a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners.[2] <u>See</u> 28 U.S.C. §2244(d)(1)("A 1-year period of limitation shall apply to an application for a writ of habeas corpus ...."). Once the limitations period is triggered, the AEDPA clock begins to run.

A properly filed application for state post-conviction relief stops the AEDPA clock, and tolls the limitations period. <u>See</u> 28 U.S.C. §2244(d)(2)(tolling the limitation period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

[2]The statute provides that the limitations period shall run from the latest of —

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant is prevented from filing by such State action;

> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)   the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

4

or claim is pending").[3]   The AEDPA clock and limitations period then resumes running when the state's highest court issues its mandate disposing of the motion for post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 331-32, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007).   In order to toll the limitations period, however, the state motion for post-conviction relief must be filed before the limitations period expires.   See Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1258-60 (11th Cir. 2000)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).

Here, the parties agree that the limitations period began to run from the date when Petitioner's judgment of conviction became final.   In such cases, the AEDPA "marks finality as of 'the conclusion of direct review of the expiration of the time for seeking such review[.]'"   Gonzalez v. Thaler, ___ U.S. _____, 132 S.Ct. 641, 653 (2012); see also 28 U.S.C. §2244(d)(1)(A); Jimenez v. Quarterman, 555 U.S. 113, 118-21, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009).   In cases where a criminal defendant pursues direct review to the United States Supreme Court, judgment becomes final when the Supreme Court affirms the conviction on the merits or denies the petition for certiorari.   Gonzalez, 132 S.Ct. at 653. In all other cases, the judgment becomes final when the time for pursuing direct review in the Supreme Court, or in state court, expires.   Id.

---

[3]A properly filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11th Cir. 2000)).

In Gonzalez, the United States Supreme Court held that, where a state prisoner did not seek discretionary review in the state's highest court, the judgment of conviction became "final" on the date that the time for seeking such review expired. Id. at 656. In that case, the prisoner had a right to discretionary review in Texas' Court of Criminal Appeals, which he did not pursue. Id. The Court thus declined to incorporate the 90-period for seeking certiorari review in determining when the judgment of conviction became final, because it would not have had jurisdiction to review the Texas intermediate state appellate court decision of which the prisoner sought review in the first instance. Id. at 655-56 (citing 28 U.S.C. §1257(a) & Sup.Ct.R. 13.1). This aspect of Gonzalez turned on the question of what constituted the "state court of last resort" or "the highest court of a State in which a decision could be had" for purposes of the Supreme Court's certiorari jurisdiction. See Id.; 28 U.S.C. §1257(a)(Supreme Court may review final judgments or decrees rendered by "the highest court of a State in which a decision could be had"); Sup.Ct.R. 13.1 (petition for writ of certiorari is timely if filed within 90 days of entry of a judgment of a "state court of last resort," or of an order denying discretionary review of a lower state court judgment that is subject further review).

Determining what constitutes a "state court of last resort" or "the highest court of a State in which a decision could be had" for purposes of the Supreme Court's certiorari jurisdiction requires an examination of state court procedures. See Costarelli v. Massachusetts, 421 U.S. 193, 195-97, 198-99, 95 S.Ct. 1534, 44 L.Ed.2d 76 (1975); Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2006); see also Gonzalez, 132 S.Ct. at 656. In Florida, discretionary review in the Florida Supreme Court is limited, in relevant part, to decisions of the district courts of appeal that:

(i) expressly declare valid a state statute;

(ii) expressly construe a provision of the state or federal constitution;

(iii) expressly affect a class of constitutional or state officers;

(iv) expressly and directly conflict with a decision of another district court of appeal or of the supreme court on the same question of law;

(v) pass upon a question certified to be of great public importance;

(vi) are certified to be in direct conflict with decisions of other district courts of appeal;

Fla.R.App.P. 9.030(a)(2)(A); see also Stallworth v. Moore, 827 So.2d 974 (Fla. 2002)(discussing jurisdiction of the Florida Supreme Court); Jenkins v. State, 385 So.2d 1356 (Fla. 1980)(same).

Here, Petitioner did not have a right to discretionary review of the Florida Fourth District Court of Appeal's decision affirming his conviction and sentence. See Fla.R.App.P. 9.030(a)(2)(A); Diaz, 797 So.2d at 1287. Therefore, his judgment of conviction became final on **January 29, 2002,** which is 90 days after that decision was issued. See Gonzalez, 132 S.Ct. at 655-56; Pugh, 465 F.3d at 1299-1300 ("In our decisions regarding the timeliness of habeas petitions filed by Florida prisoners, we have required the inclusion of the 90-day period for seeking direct review in the Supreme Court whenever the prisoner sought review in the highest court of Florida in which direct review could have been had . . . for example . . . [where] the prisoner could have sought review in the Supreme Court . . . without first seeking review in the Supreme Court of Florida"); Chavers v. Sect'y Dep't of Corr., 468 F.3d 1273 (11th Cir. 2006)(holding that AEDPA's one-year statute of limitations began to run 90 days after Florida appellate court affirmed habeas petitioner's conviction, not 90 days after mandate

was issued by that court); see also Reddock v. Ozmit, 2010 WL
568870, *4 (D. S.C., Feb. 11, 2010)("the judgment of a state
intermediate appellate court may be considered to be that of the
'highest court' under §1257(a) if state law makes that judgment
final and unreviewable, citing Williams v. Florida, 399 U.S. 78, 80
n. 5, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), wherein the Supreme
Court noted that Florida's intermediate court of appeal became "the
highest court from which a decision could be had").

    Here, Petitioner filed his initial 3.850 motion on **June 14,
2002** [DE#1, p.37; DE#13, p.9, 17]. The parties agree that, at that
point, **either 135 or 136 days** of the limitations had expired [DE#1,
p.37; DE#13, p.17].[4]  The parties further agree that this was a
"properly filed" state motion for post-conviction relief, which
tolled the AEDPA's limitations period [See DE#1, p.37; DE#13, p.17-
18]. Finally, the parties also agree that, giving Petitioner the
benefit of the doubt, Petitioner's June 14, 2002 3.850 motion was
not finally resolved until **January 30, 2009**, when the Florida
Supreme Court denied Petitioner's request for discretionary review
of the Florida Fourth District Court of Appeal's opinion affirming
the state trial court's denial of that motion [DE#1, p.38; DE#13,
p.15, 17].

    It is undisputed Petitioner did not file the instant federal
petition for writ of habeas corpus until **January 26, 2012**, which is
**1090 days** after the Florida Supreme Court denied Petitioner's
request for discretionary review of the Florida Fourth District
Court of Appeal's decision affirming the state trial court's denial
of Petitioner's June 14, 2002 3.850 motion.[5]  Adding the **135 days**

_____

    [4]As will become apparent infra, this one-day discrepancy makes no
difference whatsoever in this limitations analysis.

    [5]Respondent states that Petitioner filed the instant motion 1088 days
after his initial 3.850 motion was finally resolved, but this appears to be a
mathematical mis-calculation. [See DE#13, p. 17-18].  Again, as will become
apparent infra, this minor discrepancy makes no difference whatsoever in the

of untolled time prior to the filing of Petitioner's initial 3.850 motion to the **1090 days** subsequent to its resolution yields a total of **1225 days.** The instant petition would therefore be untimely, unless there is some additional period of tolled time.

Petitioner claims that there is additional tolled time. Specifically, Petitioner contends that his August 20, 2009 state motion for post-conviction relief tolled the limitations period [DE#1, p.38]. Petitioner further contends that his September 16, 2010 Petition for Writ of Prohibition, which was filed while his August 20, 2009 3.850 was still pending, also tolled the limitations period [Id.].

If Petitioner is correct, then the instant petition would, in fact, be timely. As set forth above, it is undisputed that Petitioner's September 16, 2010 Petition for Writ of Prohibition was filed while his August 20, 2009 3.850 motion was still pending. As further set forth above, it is also undisputed that Petitioner's September 16, 2010 Petition for Writ of Prohibition remained pending at the time of the instant filing. **201 days** elapsed between **January 30, 2009** (the date the parties agree Petitioner's initial 3.850 was finally resolved) and **August 20, 2009** (the date of Petitioner's subsequent 3.850 filing). Adding the **135 days** of untolled time prior to the filing of Petitioner's initial 3.850 motion to the **201 days** between its resolution and the filing of Petitioner's August 20, 2009 3.850 motion would yield a total of **336 days**.

Respondent contends that Petitioner's August 20, 2009 3.850 motion did not toll the AEDPA's limitation period, because that motion was dismissed as time-barred [DE#13, p.18 (*citing* <u>Gorby v.</u>

---

limitations analysis.

McNeil, 530 F.3d 1363, 1367 (11ᵗʰ Cir. 2008) ("An application that is untimely under state law is not 'properly filed' for purposes of tolling AEDPA's limitations period.")(citation omitted), cert. denied, --- U.S. ----, 129 S.Ct. 1592, 173 L.Ed.2d 684 (2009). Respondent offers no evidentiary support whatsoever for this assertion [See DE#13, pp.15-16, 18 & Exhibits].  The court therefore assumes, without deciding, that Petitioner's August 20, 2009 3.850 was a "properly filed" state motion for post-conviction relief that tolled the AEDPA's limitations period.[6]

As previously set forth, the mandate from Florida's Fourth District Court of Appeal affirming the denial of Petitioner's August 20, 2009 state motion for post-conviction relief issued on May 6, 2011 [DE#13, p.16]; http://199.242.69.70/pls/ds/ds_docket (Case No. 4D10-1490).  Even giving Petitioner the benefit of the doubt that the limitations period did not begin to run again until **May 11, 2011**, when the Florida Supreme Court determined that it lacked jurisdiction to review that decision, [DE#13, p.16]; http://jweb.flcourts.org/pls/docket/ds_docket(Case No. SC11-900), a total of **259 days** of time elapsed between that date and January 26, 2012, when Petitioner filed the instant federal petition. Adding the **336 days** of untolled time previously calculated above to the additional **259 days** of potentially untolled time yields a total of **595 days**.  Resolution of this case thus turns on whether Petitioner's September 16, 2010 Petition for Writ of Prohibition also tolled the limitations period since, if it did, the additional

---

[6]The State's response is replete with unsupported factual assertions, and the State has not even provided copies of the dockets for the state court proceedings at issue.  The only reason that the court has been able to resolve the limitations issue in this case is because the parties are in agreement as to the material dates, the court has been able to confirm those dates by reference to on-line dockets, and the court has assumed that Petitioner's August 20, 2009 3.850 motion was a "properly filed" state motion for post-conviction relief that tolled the AEDPA's limitations period.  Respondent is cautioned, however, that the court expects that the State will submit appropriate filings in the future.

259 days between May 11, 2011 and January 26, 2012 would not be counted.

Petitioner's September 16, 2010 filing with the Florida Supreme Court informed the Chief Justice that the state trial court judge "has been presiding from August 4th, 2000 up to this date without a valid administrative order of assignment as a Circuit Court Judge" [DE#1, p.18].  Petitioner attached a copy of a Petition for Writ of Habeas Corpus that Petitioner had filed in Florida's Fourth District Court of Appeal to his letter [Id.].[7] Petitioner's filing was thus treated as a Petition for a Writ of Prohibition [DE#1, pp.18, 35, 38;DE#13, p.16].

Under Florida law, "[p]rohibition is a remedy to prevent judges (and officers of lower tribunals or administrative agencies acting in a quasi-judicial capacity) from acting outside of their jurisdiction or exceeding their power over the matter. Because a writ of prohibition is preventive, it is generally directed to prevent future action rather than to correct or prevent the enforcement of orders already entered." Symons v. Symons, 7 So.3d 546, 547 (Fla. 3rd DCA 2008).  Therefore, Petitioner's Petition for Writ of Prohibition was not a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment" that tolled the AEDPA's limitations period. Elbadramany v. Sect'y Dep't of Corr. 2010 WL 3746595, *3 n.6 (M.D. Fla. 2010)(quoting Symons, 7 So.3d at 547).  The instant petition is, therefore, untimely.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the

---

[7]The Petition for Writ of Habeas Corpus alleged lack of jurisdiction by the state trial court judge, and is not pertinent to the limitations analysis due to the date on which it was resolved [See DE#1, pp.18, 38; DE#13, p.16; http://199.242.69.70/pls/ds/ds_docket (Case No. 4D10-3904).

applicant," and that if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Rules"). Rule 11(a) further provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Id. Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Habeas Rules.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001)(quoting Slack, 529 U.S. at 484). "Each component of the §2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

Having determined that Petitioner's claims are barred on procedural grounds, the court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in the instant motion. After reviewing the issues presented in light of the applicable standard, the court concludes that reasonable jurists would not find debatable the correctness of the court's procedural rulings. Accordingly, a certificate of appealability is not warranted. <u>See Slack</u>, 529 U.S. at 484-85 (each component of the §2253(c) showing is part of a threshold inquiry); <u>see also Rose</u>, 252 F.3d at 684.

Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be DISMISSED AS TIME-BARRED, and that no certificate of appealability be issued.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report, including any objections to the recommendation that no certificate of appealability be issued.

SIGNED this 17th day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Angel Diaz, pro se
     DC#L29102
     Dade Correctional Institution
     19000 S.W. 377th Street
     Florida City, FL 33034

     Helene Catherine Hvizd, AAG
     Office of the Attorney General
     1515 North Flagler Drive, Suite 900
     West Palm Beach, FL 33401