UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60155-CIV-COHN/WHITE

ANGEL DIAZ,

       Petitioner,

vs.

KENNETH S. TUCKER,

       Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 16] of Magistrate Judge Patrick A. White which recommends dismissal of Petitioner Angel Diaz's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 [DE 1] ("Petition").  The Court has reviewed *de novo* the Petition, Magistrate's Report and Recommendation ("Report"), Petitioner's Objections to Magistrate Report and Recommendation [DE 17] ("Objections"), and is otherwise advised in the premises.

As described in Judge White's Report, Petitioner challenges his conviction for sexual battery upon a minor.  The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this action meaning that Petitioner had one year from the date his conviction became final to file his Petition.  Report at 4.  Judge White concluded that Petitioner's conviction became final on January 29, 2002.  Id. at 7.  Judge White also found that the Petition was untimely because Petitioner's Petition for Writ of Prohibition was not a "'properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment' that tolled the AEDPA's limitations period."  Id. at

11 (quoting <u>Elbadrmany v. Sec'y Dep't of Corr.</u>, No. 6:09–cv–136–Orl–31KRS, 2010 WL 3746595, at *6 n.6 (M.D. Fla. Sept. 21, 2010)).  In his Objections, Petitioner contends that his Petition was timely, arguing that the 259 days that passed between the Florida Supreme Court's ruling that it lacked jurisdiction and the filing of his Petition should not count towards the statute of limitations.  Objections at 1-2.  Instead, Petitioner posits  that only 336 days of the statute of limitations period elapsed before he filed his Petition.  <u>Id.</u> at 7.  For the reasons discussed below, the Court overrules Petitioner's Objections and will dismiss his Petition was untimely.[1]

The Court agrees with Judge White that Petitioner's conviction became final on January 29, 2002, 90 days after the Florida Fourth District Court of Appeals affirmed his conviction.  <u>See</u> <u>DeLeon v. Fla. Dep't of Corr.</u>, 470 Fed. Appx. 732, 733-34 (11th Cir. 2012) ("On direct appeal, where the petitioner did not file a petition for certiorari to the United States Supreme Court, a judgment becomes final after the expiration of the 90 days in which a petition could have been filed.") (citations omitted).

The Court also agrees with Judge White's conclusion that the Petition is untimely.  In reaching this conclusion, Judge White did not accept the Respondent's position that the August 20, 2009 filing of Petitioner's subsequent 3.850 motion failed to toll the AEDPA's limitations period.  <u>See</u> Report at 10.  Instead, Judge White assumed, without deciding, that this second 3.850 motion was a properly filed motion for postconviction relief.  <u>See id.</u>  Nonetheless, Judge White concluded that the Petition

---

[1]      Petitioner devotes much of his Objections to arguments in support of the merits of his Petition.  <u>See, e.g.,</u> Objections at 9-14.  Because the Court concludes that the Petition was untimely, the Court does not address these objections.

was time barred because 336 days of untolled time passed after the Florida Supreme Court declined to review the denial of Petitioner's second 3.850 motion and the filing of the instant petition.  Id.  Adding these 336 days with the previously incurred 259 days of untolled time, Judge White found that the Petition was untimely because Petitioner's September 16, 2010 filing with the Florida Supreme Court, treated by the Florida Supreme Court as a petition for a writ of prohibition, did not further toll the statute of limitations.  Id. at 10-11.  Petitioner argues that the statute of limitations was tolled while the Florida Supreme Court considered the petition for writ of prohibition.  Objections at 9.  The Court agrees with Judge White that the petition for writ of prohibition did not toll the statute of limitations.  Williams v. McNeil, No. 08-62078-CIV, 2009 WL 4891954, at *3 (S.D. Fla. Dec. 16, 2009) (holding that a petition for writ of prohibition is not a "collateral motion[] attacking the legality of the sentence that would toll AEDPA's time limit").  Accordingly, the Petition was untimely.

In his Objections, Petitioner also appears to argue that he is entitled to some form of equitable tolling because he was prejudiced by the Florida Supreme Court treatment of his "Information Letter" as a petition for writ of prohibition.  See Objections at 8.  The United States Supreme Court has held that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. –,130 S. Ct. 2549, 2562-63 (2010) (citations and internal quotations omitted). The Eleventh Circuit has elaborated that the burden of justifying the applicability of equitable tolling rests with the petitioner and "mere conclusory allegations are not sufficient to raise the issue."  Doe v. United States, 2012 W L

3

1138779, at *1  (11th Cir. 2012) (citing San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011)).  "Equitable tolling is a rare and extraordinary remedy."  Id.  (citing San Martin, 633 F.3d at 1271).

Here, the Court finds that Petitioner has failed to demonstrate extraordinary circumstances which would entitle him to equitable tolling.  "The law is well settled that an inmate's *pro se* status or lack of legal knowledge does not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period."  Knight v. Sec'y Dep't of Corrs., No. 5:09–cv–533–Oc–29DNF, 2011 WL 3349042, at *4  (M.D. Fla. Aug. 3, 2011) (citing Rich v. Dep't of Corrs., 317 F. App'x 881, 883 (11th Cir. 2008) (finding *pro se* status and lack of understanding of legal process is not extraordinary circumstance); Helton v. Sec'y Dep't of Corrs., 259 F.3d 1310 (11th Cir. 2001) (finding that petitioner's misunderstanding of the law does not constitute extraordinary circumstances); Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 969 (11th Cir.1997) (ignorance of the law "is not a factor that can warrant equitable tolling."); Garcia–Arrieta v. United States, case nos. 8:05–cv–385–T–17TBM, 8:11–cv–40–T–17TBM, 2011 WL 2563084 *3, n. 1 (M.D. Fla. June 28, 2011) (collecting cases from various circuits)). Accordingly, Petitioner's mistaken belief that the statute of limitations was tolled while his petition for writ of prohibition was pending before the Florida Supreme Court does not entitle him to equitable tolling.

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.    The Magistrate Judge's Report and Recommendation [DE 16] is hereby

      **ADOPTED**;

2.      Petitioner's Objections [DE 18] are hereby **OVERRULED**;

3.      The Petition [DE 1] is hereby **DISMISSED**;

4.      The Clerk may **CLOSE** this case and **DENY** all pending motions as **MOOT**; and

5.      Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, Petitioner is hereby **DENIED** a certificate of appealabilty because Petitioner has failed to make a substantial showing that he was denied a constitutional right.  The Court notes that pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may request issuance of a certificate of appealability from the Eleventh Circuit.

        **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of November, 2012.

                                                    _____
                                                    JAMES I. COHN
                                                    United States District Judge

Copies provided to counsel of record via CM/ECF

Angel Diaz
DC # L29102
Dade Correctional Institution
19000 S.W. 377th Street
Florida City, FL 33034